IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
DIVISION

JOE FRANK JONES                                                                                     PLAINTIFF

v.                                  Civil No. 1:24-cv-01059-SOH-SGS

NURSE CASEY SANFORD; and
CAPTAIN LISA WORLEY                                                                           DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's failure to prosecute. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

I. BACKGROUND

Plaintiff, Joe Frank Jones, originally submitted this 42 U.S.C. 1983 action *pro se* on September 5, 2024. (ECF No. 1). The Court provisionally filed Plaintiff's Complaint and ordered Plaintiff to file an application to proceed *in forma pauperis* ("IFP"). In this Order, Plaintiff was specifically advised:

> Plaintiff is advised that he is required to immediately inform the Court of any change of address. **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address** . . . **Failure to inform the Court of an address change shall result in the dismissal of this case.**

(ECF No. 2) (emphasis in original). Plaintiff filed an Amended Complaint on October 28, 2024. (ECF No. 9).

On January 17, 2025, the Clerk of the Court changed Plaintiff's address of record based on a notice of address change received from Plaintiff in a separate case. Plaintiff's address was

1

changed to 1011 N. Polk Avenue, El Dorado, Arkansas 71730. However, on February 20, 2025, the Court received returned mail sent to Plaintiff at this address stating no one named Joe Frank Jones lived at 1011 N. Polk Avenue. After reviewing the Notice of address change in the separate case, the Clerk determined the correct address was 1011 N. Park Avenue, El Dorado, AR 71730. (ECF No. 25). Plaintiff's address of record was changed accordingly, and all mail returned was resent to the correct address at 1011 N. Park Avenue. *Id.*

On March 5, 2025, the Court entered an Order directing Plaintiff to respond to Defendant Worley's Motion to Dismiss[1] by March 26, 2025. (ECF No. 29). Plaintiff never responded, and the Order was not returned as undeliverable mail.

On April 28, 2025, the Court entered an Order directing Plaintiff to file a new IFP Application pursuant to the policy of this Court requiring new IFP Applications submitted after release from incarceration. (ECF No. 30). This IFP Application was due on May 19, 2025. *Id.* Plaintiff failed to obey the Court's Order and submit a new IFP Application. Accordingly, the Court entered an Order to Show Cause directing Plaintiff to show cause, by June 11, 2025, why he failed to submit the IFP Application. (ECF No. 32). Plaintiff did not respond, and the Order to Show Cause was not returned as undeliverable mail.

On October 6, 2025, the Court received a notice of case reassignment sent to Plaintiff's address of record returned as undeliverable mail. (ECF No. 36). This returned mail noted "RTS-FWD Time Expired." *Id.* This indicates to the Court Plaintiff's mail forwarding request with the United States Postal Service has expired for his address of record.

Plaintiff has not communicated with the Court in this case since filing his Amended Complaint on October 28, 2024. (ECF No. 9).

---

[1] The Court later denied Defendant Worley's Motion to Dismiss as MOOT. (ECF No. 31).

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court

must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with the Court's Orders to keep his address up to date. However, the Court cannot determine Plaintiff's failure is willful and warrants dismissal with prejudice. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice here.

### III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby **RECOMMENDS** Plaintiff's Amended Complaint (ECF No. 9) be **DISMISSED WITHOUT PREJUDICE.**

**REFERRAL STATUS: The referral in this case should be terminated upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 22nd day of October 2025.**

/s/ *Spencer G. Singleton*
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE